IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

EPITACIO NUNEZ BELTRAN, §
 §
       Petitioner, §
 §
v. § CIVIL ACTION NO. H-17-2802
 § (Criminal No. H-15-596-01)
UNITED STATES OF AMERICA, §
 §
       Respondent. §

## MEMORANDUM OPINION AND ORDER

Petitioner, Epitacio Nunez Beltran, has filed a Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence By a Person in Federal Custody ("§ 2255 Motion") (Docket Entry No. 29).[1] On January 8, 2016, petitioner pleaded guilty to illegal reentry after a felony conviction in violation of 8 U.S.C. § 1326(a) and (b)(1); and on March 28, 2016, petitioner was sentenced to a within-guideline-range sentence of fourteen months in prison and three years of supervised release (Judgment in a Criminal Case, Docket Entry No. 25).

At Beltran's sentencing his attorney requested that Beltran receive credit for the time he had spent in state custody awaiting trial on unrelated state charges or that the court order that his federal and state sentences be served concurrently. The court declined to do so, explaining:

---

[1]All docket entry references are to Criminal No. H-15-596.

> THE COURT: I think the appropriate guideline sentence here is 14 months, and that will be the Court's sentence.
>
> I am not inclined to give [Beltran] credit for time in state custody because these facts don't warrant it. He came here and committed another serious crime. It's really up to the second sentencing judge to determine whether his sentence runs consecutive or concurrently. Certainly, the state conduct is not something that factored into his guidelines in this case. So I'm not going to make any recommendation as to consecutive or concurrent sentences. You can ask the state court judge to do so, if you want.

Transcript of March 24, 2016, Hearing on Sentencing, Docket Entry No. 30, p. 5 lines 13-24.

Beltran states no grounds for relief. Instead, he states:

> There are no formal violations of constitutional laws being claimed. The primary objective of this motion is to request for state and federal convictions to be ran concurrent in effort to expedite deportation process upon release approval.

Section 2255 Motion, Docket Entry No. 29, p. 3.

The court has carefully reviewed Beltran's motion as required by Rule 4(b) of the Rules Governing Section 2255 Proceedings for the United States District Courts and concludes that a response to his motion is not required.

"Relief under 28 U.S.C.A. § 2255 is reserved for transgressions of constitutional rights and for a narrow range of injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice." United States v. Vaughn, 955 F.2d 367, 368 (5th Cir. 1992).

"Following a conviction and exhaustion or waiver of the right to direct appeal, [the court] presume[s] a defendant stands fairly and finally convicted." United States v. Cervantes, 132 F.3d 1106, 1109 (5th Cir. 1998). Therefore, only two types of claims may be raised in a § 2255 motion. First, a § 2255 petitioner may raise a constitutional or jurisdictional claim. Id. Second, a § 2255 petitioner may assert any other type of claim that could not have been raised on direct appeal. Id. To obtain relief on this second type of claim the petitioner must show that allowing the asserted error to stand "would result in a complete miscarriage of justice." Id.

Whether to afford a defendant credit for time served in state custody by departing downward under U.S.S.G. § 2L1.2, comment (n.6) and whether to run the defendant's sentences concurrently or consecutively under § 5G1.3(d) are guideline application issues. Because Beltran failed to raise his challenge to the court's application of the Sentencing Guidelines on direct appeal, he cannot do so now in a § 2255 proceeding. See Vaughn, 955 F.2d at 368 (explaining that "[a] district court's technical application of the Guidelines does not give rise to a constitutional issue" and that "[n]on-constitutional claims that could have been raised on direct appeal, but were not, may not be asserted in a [§ 2255] proceeding"). Because Beltran is not entitled to relief under § 2255, his motion will be dismissed pursuant to Rule 4(b).

Accordingly, Beltran's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence By a Person in Federal Custody (Docket Entry No. 29) is **DISMISSED WITH PREJUDICE**.

The Clerk of Court is **ORDERED** to provide a copy of this Memorandum Opinion and Order to Epitacio Nunez Beltran and to the United States Attorney for the Southern District of Texas, and to file a copy of this Memorandum Opinion and Order in the corresponding civil action.

**SIGNED** at Houston, Texas, this 29th day of September, 2017.

_____
SIM LAKE
UNITED STATES DISTRICT JUDGE